———————

### In re HOAG.

(District Court, S. D. New York.   October 1, 1915.)

1. BANKRUPTCY ☞396—ASSETS—RIGHTS OF CREDITORS—"PROPERTY."

Pending a bankruptcy proceeding, a judgment creditor may not proceed against the bankrupt's pension as a retired employé of a city under the Bankruptcy Act, or under Code Civ. Proc. N. Y. § 1391, providing that, where any wages, debts, earnings, salary, income from trust funds, or profits are due and owing to a judgment debtor, or shall become due and owing, the judgment creditor may apply for, and the court must issue, an order directing that an execution issue against such wages, etc., since the pension prior to its payment is not "property," but is a mere bounty or gift, which is neither wages, debts, earnings, salary, income from trust funds, nor profits, and, the trustee having no right to it, creditors can have no higher rights.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig.. §§ 659–668; Dec. Dig. ☞396.

For other definitions, see Words and Phrases, First and Second Series, Property.]

2. COURTS ☞363—UNITED STATES COURTS—JURISDICTION—CONSTRUCTION OF STATE LAWS.

On application to the bankruptcy court by a judgment creditor of the bankrupt for permission to procure an execution against the bankrupt's pension as a retired employé of a city, the bankruptcy court is bound to consider the state law claimed to authorize such execution, since, while the state court may be called upon to decide the question in many instances, the bankruptcy court is equally charged with the duty of considering what is the law, when any application is made to it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. ☞363.]

In Bankruptcy. In the matter of Sidney Willett Hoag, bankrupt. On motion to modify the usual bankruptcy injunction, so as to permit the owner of a judgment against Hoag (procured within four months of bankruptcy) to issue an execution under section 1391, Code Civ. Proc. N. Y., against the bankrupt's pension as a retired employé of this city. Denied.

See, also, 227 Fed. 478.

L. L. Lewis, of New York City, for the motion.

J. J. Lilly, of New York City, for the bankrupt.

HOUGH, District Judge. [1] It has been decided in this court that Hoag's pension is something against which his trustee in bankruptcy

———————
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

has no claim. The theory of the judgment creditor is that, since the trustee has no claim upon it, he (the creditor), may proceed against it as if the bankruptcy did not exist. Very curious results would follow from this theory; for, if it be correct, Hoag may ultimately be discharged from all his schedule debts, on the theory that he had given up all of his property, and yet not only this creditor, but all his creditors, might be left to pursue this pension, notwithstanding the provisions of the bankruptcy law that the debts themselves were extinguished.

It is not seen how a judgment against Hoag, or any one else, can be extinguished for some purposes, and not extinguished for all. The rights of a creditor of a bankrupt cannot be higher than the right of the trustee for those creditors as well as for the bankrupt. Logically, if the trustee cannot proceed against Hoag's pension, no creditor of Hoag can do it. Therefore it is well to inquire why the trustee cannot so proceed. As was well held by Judge Hand, it is because the pension is not property of Hoag; it is a bounty or gift. The periodical payments only become property in Hoag's hands when he actually gets money or money's worth. The propriety of this holding seems to me plain when the language of section 1391 is examined. What according to that statute may be reached are "wages, debts, earnings, salary, income from trust funds or profits." A bounty or gift is none of these things.

[2] It was said in argument that this question was for the state court to decide. Undoubtedly the state court may be called upon to decide it in many instances; but this court is equally charged with the duty of considering what is the law when any application is made to it, and in this instance it is bound to consider, not only the bankruptcy law, but the law of the state of New York.

To me it is perfectly clear that under neither law has the creditor any right to proceed against Hoag's pension, and the motion is denied.